FILED

2021 MAR 25 PM 1: 58

Allan H. F Palmer

Allanp460@hotmail.com (Email Address)

515 Crocker Street, Los Angeles, CA, 90013

_____

Plaintiff      in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Allan H. F. Palmer ,

**PLAINTIFF,**

vs.

**DEFENDANT(S).**

- MARIO CASTELLANOS
- TOMAS BAILEY
- RICHARD ROSS
- ANTONIA JIMENEZ
- LOS ANGELES COUNT A PUBLIC ENTITY

Case No.: LACV21-2610-JLS-DFM

42 USC 2000d
42 USC 1985(2)
FRAUD

**Jury Trial Demanded: ■ Yes   ☐ No**

## 1. **JURISDICTION**

1. This Court has jurisdiction under 42 USC 1985 (2) Federal question jurisdiction arises under Pursuant to 42 USC 1985.

## II. **VENUE**

2. Venue is proper pursuant to section 28 USC 1391. A Substantial part of the action from which this litigation arose occurred in this district.

## II PARTIES

3 Plaintiff alleged Mario Castellanos, is an employee of the los Angeles County Department of Public Social Service. He is assigned in the City of los Angeles, in the los Angeles County

4 Plaintiff alleged Tomas Bailey is an employee of the Los Angeles County Department of Public Social Service. He is assigned in the City of los Angeles in the County of los Angeles.

5 Plaintiff alleged                    , is an employee of the los Angeles County Department of Public Social Service As The director. She is assigned in the City of Industry in the County of los Angeles.

6 Plaintiff alleged The County of los Angeles a public entity. that manages the affairs of The Los Angeles County Department of public Social Service. Is a Government Entity.

7 Plaintiff allege Richard Ross A member of the California Bar lives and practice in The County of los Angeles.

## IV Introduction    GOVERNMENT CLAIM

8 The los Angeles County Department of public Social Service, is a government entity. and as Such Complaining litigants must Comply with the California Claim act befor filing

any Civil litigation before any of its employees or the institutio.

(9) 42 USC 2000d, Is a federal Civil rights law. for which a government claim is not necessary

(10) Plaintiff files this Civil action under 42 USC 2000d And therefor need not Comply with the California Claim act.

(11) Never the less, plaintif are in compliance with the California government Claim act. in April 2020 plaintif filed a government Claim with the Los Angeles County of public Social Service.

STATUS

(12) Plaintif Allan Palmer is an estranged Citizen of St. Vincent and the Grenadines.

(13) As a result, of plaintif's estrangement, The United States of America government granted plaintif political asylum status in 2012.

(14) Before plaintif was granted political asylum protection, The government of St. Vincent and the Grenadines through its prime Minister: Ralph E Gonsalves.

(15) Continued his persecution of Plaintif, using

(Page 21)

1    Criminal elements on USA Soil.

3    ⑯ These Criminal acts Continued after plaintiff
4    was granted Political Asylum, in 2012 and still
5    Continue to this day.

7    ⑰ When plaintiff moved to California, Prime
8    Minister Ralph Gonsalves. hired California
9    Bar registered lawyer. Richard Ross, to Continue
10   his and his government prosecution of Me.

12   ⑱ Defendant Ross was instrumental in and was
13   successful in using Junior, Senior and Manage-
14   ment level employees of the California State
15   City and County government.

17   ⑲ As a result these government employees.
18   along with none government employees were
19   instrumental in many Criminal act, Tauts
20   an unethical and unprofessional acts against
21   Plaintiff Palmer.

23   ⑳ I try to use The Civil Court System as an
24   instrument of redress but the easily Corrupted
25   Court System and their employees were easily
26   purchased.

28   ㉑ The government of St Vincent and the Grena-

4

(Para. 22 - 26)

1  ines have make available to defendant Ross large
2  sums of monies to this end.

3
4  22) Therefore The prejudice towards plaintiff as
5  outlined in this case, were manufactured by
6  Defendant Ross on behalf of the Government of
7  St Vincent and the Grenadines. My national
8  origin.

9
10  23) The Department of Public Social Service is a
11  County agency. That runs public Social Service
12  on behalf of the United States federal Government.

13
14  24) At the date and time of the undermentioned
15  incidents. Plaintiff had active civil litigations
16  in the Superior Court in California against the
17  D.P.S.S and three of its employees.

18
19       The FACTS ARE AS FOLLOWS
20  25) On Wednesday, 15th, April 2020 at 3:30
21  pm, Plaintiff Palmer went to the Department
22  of Public Social Service office at 2707 South
23  Grand Ave, Los Angeles, California 90007.
24
25  26) The COVID-19 pandemic was on, and the
26  Department of Public Social Service (DPSS)
27  were open for business. However, They modify
28  the way they deal with Customers.

(turn to page 27-33)

27) For a replacement EBT card which was the reason plaintiff went to the office. in order to limit Personal interaction they asked Customers to Call and order a card.

28) For those who don't own a phone or has no access to a phone it was required the same be brought to the attention of the worker.

29) Upon Learning of this, the workers were to provide the help needed. the help requested by the Customers.

30) When I went to the DPSS office the 15/4/ 2020, I spoke to defendant Bailey. I informed him of my reason to Come to the DPSS office.

31) Defendant Bailey stuck a piece of paper through the door, the paper had printed upon it some telephone numbers.

32) Defendant Bailey Said to plaintiff, Call one of those numbers order an EBT Card. then return to the office and pick it up.

33) I explained to Defendant Bailey I do not have a phone, I also told Mr. Bailey, I tried to get an obama free phone However,

6

(Paug. 34-37)

1  I was unable to because I did not have an
2  address that will allow the issuance of a free
3  cell phone.

4

5  (34) On The DPSS Records I am listed as homeless
6  and there is no phone number listed for me on
7  the record because I do not have a working
8  phone.

9

10  (35) Defendant Bailey Said I Cannot help you
11  and immidietely he removed himself from in
12  front of The Closed DPSS office door from which
13  the Conversation Took Place.

14

15  (36) Plauntuy left the DPSS office, Took the $5.00
16  he had, and purchased Something to eat.

17

18  (37) On Thursday 16th April 2020 at 11:00 am plauntuff
19  return to the Same DRSS office.

20

21  (38) The 2707 Grand Street office is The office
22  Where I applied for benefits, The office That
23  keeps and update my records and help me
24  acless service.

25

26  (39) On My Return to the office I met and spoke
27  To Defendant Bailey once again. As he did The
28  previous day; plauntuy outlined his problem

(Fury 40 - 46)

to defendant Bailey.

(40) As he did on the 15th April 2020, Defendant Bailey said I cannot help you, and was about to move on to the next customer.

(41) However, Plaintiff request to see Defendant Bailey's Supervisor.

(42) Later a man came to the door, which was still locked, he introduced himself as Mario Castellanos.

(43) Defendant Castellanos introduced himself as Mr. Bailey's Supervisor. I outlined my concers to him as I did to defendant Bailey.

(44) In a Sumuleer manner to Mr. Bailey he slipped a peace of paper with phone numbers on it to me.

(45) He further said call the number, order an EBT Card return and collect the Card.

(46) As I did on two previous occasion with Defendant Bailey I explained to Defendant Castellanos my phone status and my failure to get a government phone, I qualify for.

47) Defendant Castellanos told Plaintiff to find and used a pay phone.

48) Plaintiff explained to Defendant (Deft.) Mario Castellanos he do not have any money, and he do not know where to find a working pay phone.

49) Plaintiff ask deft. Castellanos: "do you know where in the City of Los Angeles you can find a working pay phone.

50) Defendant Castellanos suggest I find some one and use their phone. I informed him I do not know anyone who will allow me to use their phone especially in a viral pandemic.

51) I Ask Defendant Castellanos to speak to his supervisor. It was then the deft. informed me he was the manager of the department.

52) He further said there are no one over him

53) There are many levels of supervision deft. Castellanos is accountable to. However he refused to call any of his supervisors.

(54) I then informed defendant Castellanos I will wait to speak to his supervisor, or the issuing of the EBT card which comes first.

(55) Plantiff Palmer waited at the office until 4:30 pm.

(56) After which he left the office without an EBT Card or meeting with Deft. Castellanos Super Visor.

(57) Because plantiff had no money or was not issued an EBT card Plantiff had to go 23 hours with out eating by the time he left the DPSS office.

(58) On Friday 17th April 2020, Plantiff return to the DPSS office at 10:30 am,

(59) At this point it had been 41 hours since I last eat.

(60) I did not enteract with Deft. Bailey on 17/4/2020.

(61) I spoke to Defendant Castellanos, I did and made the same request to defendant Castellanos, as I did on my previous visit

(Parag. 62 - 67)

to the DPSS office

(62) Mr. Castellanos answers and actions were the Same as my previous interaction with him on the issuance of an EBT food Stamps Card.

(63) I also asked to, See defendant's Castellanos Supervisor. Defendant Castellanos answer and actions were the Same as in previous days.

(64) This Visit was a Friday Visit, Which means, The DPSS office will be close on Saturday, 18th April 2020 and Sunday 19th April 2020.

(65) Which means I will be left for the entire weekend with no means of eating.

(66) The food Stamp program is the means I am kept nourished. and although I had more than enough money in my account I could not access those monies to nourish myself with out the EBT Card.

(67) At 4:30 pm on Friday 17th April 2020 I left the office of the Department of Public Social service with out an EBT Card or speaking to a Supervisor.

11

68 Plaintiff Palmer had to spend Saturday 18th April and Sunday 19 of April 2020 with out any nurient.

69 Plaintiff Palmer had no means by which to purchase food.

70 On Monday 20th April 2020 at 11:00 am, its now five (5) days without any thing to eat. He return to the DPSS office.

71 The events of Monday 20th April 2020, was the same. I did not divert from my request and Deft. Castellanos did not changed his answers, or his actions.

72 On Tuesday 21st April 2020 I went to The Department of Public Social Service Headquarters in the City of Industry.

73 My first contact was Sandra Ha, I explained to Ms Ha my ordeal, who made arrangement for me to speak with one Monique Holler.

74 Ms. Holler Identified herself as a reagional cordinator for the DPSS.

75 Ms Monique Holler made arrangement for home to be issued an EBT Card and to be put back on

(Parag. 76 - 81)

General Relief programe which allowed plaintiff to get Cash aid While he search for employment.

76 Later that day, excelly after, Sus days the Callous-ness of the staff at the DPSS refuse to do their job plaintiff was able to eat.

77 On thursday 16th April 2020 an elderly lady who was homeless and did not own a phone was issued an EBT Card upon request However plaintiff Palmer was refused access to the System

78 From the 16th April to 20th April 2020, While plaintiff awaited to be issued an EBT Card. or to speak with Def. Castellanos Supervisor.

79 Several people came to the office to keep appointment they would have made on the phone and was turned away.

COVID-19 stimulus

80 In the month of March 2020, the united states federal government, past a bill, where each person will be paid $1200.00 as a stimulus to help citizens deal with the hard-ship posed by the pandemic.

81 On Tuesday 21st April, 2020 While I was at the DPSS Headquarters I ask the DPSS

13

(Parag. 82 - 87)

Regional Cordinator Monique Holler about when I Can expect to be paid a Stimulas in keeping with the Congressional Bill.

82 Ms Holler Said She did not Know when the Stimulas will be paid.

83 To this date 19/3/2020 plaintiff was not given or paid his Stimulas as allocated by the USA Congress.

84 Plaintiff has to Conclude that Senior Management in the DPSS has ordered Plaintiff not Paid a Stimulas in retaliation for him acting in his interest When DPSS Stay transgress federal, State and County laws against him.

85 Like all the members of the Department of public Social Service or even more than they do or did. Plaintiff Palmer needed the Stimulas.

86 All of the acts of Defendants Bailey, Castellan and the DPSS were all efforts to deprive plaintiff in fully participating in a federal Program.

87 Plaintiff alleged these unlawful acts were

14

89 Were organised and encouraged by Richard Ross to persecute plaintiff on behalf of the Government of St. Vincent and the Grenadines.

90 These acts are in full violation of 42 USC 2000d.

90 Plaintiff must also add here, these acts of the Los Angeles County Department of Public Social Service, have been on going since I first when to the Los Angeles County DPSS in 2015.

91 Each time plaintiff is forced (Because of economic hardship) to use the service of the DPSS he was met with oppressive, unprofessional, unethical and unlawful prejudical conduct and practice and attitude towards him.

92 Benefits plaintiff were elegible for and entitled to were denied (eg. transportation allowance, housing allowance ect.

93 The staff at the Los Angeles County Which includes the lawfirm and lawyers, have been involved in conspired systamatic prejudical conduct to plaintiff Palmer, which was based on plaintiff national origin. the Department of PSS also refused to honor a legitimate claim.

15

# V CLAIM

(94) Plaintiff alleges the first Claim is 42 USC 2000d.

(15) Counts#1-2: Plaintiff refers to and incorperate as though fully set out in paragraphs 12-19 and 25-57 all inclusive in Count+2 Claim #1.

(96) Plaintiff alleged that on Wednesday April 15th 2020 and Thursday April 16th 2020. Acting on behalf of the department of public Social Service of los Angeles County; Defendant Bailey did:

(97) Denied Plaintiff the right to fully particip-ate in a federally funded program offered by the los Angeles County of public Service.

(98) When he With prejudice to Plaintiff to Plaintiff national origin, deny plaintiff the opportunity to access his food stamp account, to purchase need food commodity, which was his duty to.

(99) When he refused to issue plaintiff an election card the The only Means by which purchase Can be made.

(100) When Defendant Bailey So abuse his power

He forced Plaintiff to endure and undergo
tremendous hunger and Therefore a lack of ③
nutrient.

(10) Count 3-5 : Plaintiff refers to and encorperate
as though fully set out its paragraph 12-19
inclusive, paragraph 37-71 all inclusive in
Counts 3-5 of Claim #1

(102) Plaintiff alleges. On Thursday 16th April 2020
Friday 17th April 2020 and on Monday 20th April
2020. Defendant Castellanos acting on behalf
of the Los Angeles County of public Social Servce

(103) With great prejudice to plaintiff based on his
national origin.

(104) Denied Plaintiff the rights to participate Fully
In a federally funded program which was
administered by the Los Angeles County DPSS

(105) Denied Plaintiff his rights to access his food
Stamps account, which was duty to do other
Wise; by issuing Plaintiff an electronic card.

(106) In doing so. he deprived Plaintiff of the
Only means of accessing his food account to
purchase needed food comodity.

107) Defendant Castellanos, by his action, forced plaintiff plaintiff to endure tremendous hunger and very poor nutrient over five days.

108) Counts 6-8: Plaintiff refers to and incorperate as though fully set out in paragraphs 12-19 inclusive, paragraphs 37-71 inclusive, in counts 6-8 in Claims #1.

109) Plaintiff alleges. On Thursday 16th April 2020, Friday 17th April 2020 and on Monday 20th April 2020, Whilst acting on behalf of the los Angeles DPSS.

110) With great prejudice towards plaintiff, which was based on plaintiff's national origin.

111) Denied Plaintiff of his rights to participate Fully or fully participate in a federal program ran by the los Angeles County DPSS.

112) Defendant Castellanos denied plaintiff the rights to speak to his Supervisor. to bring Resolution to a simple problem; an actionable tart Defendant Castellanos was involved in.

113) It is the los Angeles County DPSS policy for employees allow customers to address concerns

(Paragraph 114 - 119)

With Supervisors.

(114) Count #9: Plaintiff refers to and incorporates as though fully set out in paragraphs 12-19 inclusive, paragraph 80-94 all inclusive in Count #9 of Claim #1.

(115) Plaintiff alleges, defendant in her capacity of director of the department of public Social Service, in the County of los Angeles, with prejudice to Plaintiff Natural Origin

(116) Ordered and therefore denied plaintiff from fully participating in the Federal Programe which is administered by the los Angeles County Department of public Social Service.

(117) When Defendant                    , instructed the Plaintiff should not be paid or given the Stimulus that was approved by the united States Congress.

(118) A Stimulus package for which Plaintiff Was budged for by the United States of America Congress.

(119) Count 10: Plaintiff refers to and incorporates as though full Set out in paragraphs 12-19

19

(Parag. 120 - 124)

1  inclusive paragraphs 90-93 all inclusive in Count
2  #10 of Claim #1.

3

4  (120) Plaintiff alleges, the defendant the Los Angeles
5  County, a public entity with great prejudice to
6  plaintiff National Origin. Through defendat

7

8  (121) Denied Plaintiff the rights to fully participate in
9  a federally funded programe, for which plaintiff were
10  elegable.

11

12  (122) Denied Plaintiff his rights to have a Lawful
13  Government Claim. Which was filed in a timely
14  manner, which was filed against Members of
15  Its Subsiduary "the Los Angeles County DPSS,
16  honered by the same; Acts of the director.

17

18  (123) The California Government Claim act-which
19  is a prerequist to Civil litigation- Which give
20  government institution the right and privilage to
21  review and honor ligitimate Claims prior to
22  litigations.

23         CLAIM #2 FRAUD

24  (124)
25  Count#1-2: Plaintiff refers to and incorperates
26  as though fully sett out in paragraphs 12-19
27  inclusive, Paragraphs 25-57 all Inclusive, in
28  Counts 1-2 of Claim #2 FRAUD.

20 AP

(125) Plaintiff alleges, On Wed April 15th, 2020, and on Thursday, April 16th 2020 Defendant Bailey whilst acting on behalf of the Los Angeles County DPSS.

(126) In an effort to deny Plaintiff of his rights to fully participate in a federal programme, which is being administered by the Los Angeles County DPSS.

(127) In his efforts to enduced plaintiff into reliance and while using undue influence.

(128) Declared as if it was true; Words, that Said he was unable to provide plaintiff with the requested Electronic food Stamp Card.

(129) Defendant Bailey had no reason to believe his declaration to be true.

(130) Counts 3-5: Plaintiff refers to and incorperates as though fully set out his paragraphs 12-19 inclusive, paragraphs 37-71 all inclusive in Counts 3-5 of Claim # 2 FRAUD.

(131) Plaintiff alleged On Thursday 16th April 2020, Friday 17th April. 2020 and Monday 20th. April 2020.

(132) Defendant Castellons whilst acting on behalf

21 AP

of the Department of public Social Service in the
County of Los Angeles

133. In his efforts to deny plaintiff of fully
participating in a federal programe and in
his efforts to induce plaintiff into trust and reliance

134 He declared as if it was true, he was unable
to help plaintiff replaced his lost electronic food
Stamp Card, other than by following the recommended
process.

135 Defendant Castellanos had no reason to believe
his declaration to be true.

136 Counts#6-8: Plaintiff refers to and incorporates
as though fully Set out in paragraphs 12-19,
inclusive, Paragraphs 37-71 all inclusive in
Count 6-8 of Claim #2: FRAUD.

137 Plaintiff alleges, On Thursday 16th April 2020,
On Friday 17th April 2020 and On Monday 20th
April 2020. Whilst acting on behalf of the
DPSS.

138 With great prejudice to plaintiff's national
origin and in an effort to deny Plaintiff of fully
participating in a federally funded program.

22 AB

( Parag 139-145 )

(139) In an effort to deny to speak to his Supervisor.

(140) Defendant Castellanos told Plaintiff he was the manager of the department, he does not have a Supervisor.

(141) Defendant Castellanos asserted those words as if they were true, he had no reason to believe, he has no one who is his Senior in the facility.

(142) Defendant Castellanos made the statement to induce plaintiff into trust and reliance.

(143) Count #9: Plaintiff refers to and incorporates as though fully set out in paragraphs 12-24 inclusive, paragraph 80-94 inclusive as though fully set out in Count #9 of Claim #1 All inclusive in Count #9 of Claim #2 FRAUD.

(144) Plaintiff alleges defendant the capacity of director of the los angeles county a public entity, with prejudice to plaintiff National origin. Suggested and asserted as if it were facts.

(145) Plaintiff Palmer does not qualify for Stimulas

23

(Parag 146 - 151)

1  from the Covid-19 Federal Stimulas program. She
2  had no reason to believe said to be true.

4  (146) Defendant                    , denied Plaintiff the
5  rights to participate in the Federal Stimulas program.

7  (147) Count#10  : Plaintiff refer to and incorperate as
8  though fully set out in paragraph 12-24 inclusive
9  paragraph 90-93 inclusive, as though fully set
10 out in Count#10 of Claim 1. all inclusive in
11 Count#10 of Claim #2 Fraud.

13 (148) Plaintiff alleges defendant Los Angeles County
14 a Public entity through its director defendant

17 (149) Suggested and Asserted as if it was true
18 Complainant Palmer is not entitled to have
19 his timely, lawful Claim for damages honored.

21 (150) A suggestion and assertion She has no reason
22 to believe is true. California Claim act
23 ensures a Claim must be dealt with on it
24 merit.

26 (151) Plaintiff begs this Court to please take
27 the time to Consider the following authority
28 when reving the 10 Counts of fraud.

## FRAUD AUTHORITIES

152) _BRAIDY V. CARMAN_ 179 CAL APP. 2d 63 - A representation need not be a direct falsehood to constitue fraud. It may be a deciptive answer, indirect but misleading language.

153) Doran V. Milka Development Company, 159 CAL-APP. 2d 322, 323. Representation made by a person of superior knowledge or special infor-mation concerning subject matter is reguarded as on of fact.

154) Zinn V. Ex-Cell-O-Corp. 148 CAL APP. 2d 56. The general element of actionable fraud are Misrepersentation (False repersentation) Conceal-ment, knowledge of falsecity; intent to induce reliance.

CLAIM #3 - 42 USC 1985(2)

155)

COUNT #1-2: Plaintiff refers to and incorperate as though fully set out in paragraphs 12-24, inclusive; paragraph 25-57 inclusive; as though fully set out in Count #1 and 2 in Claim #1 42 USCS 2000d.

156) , Plaintiff alleges. Defendant Bailey and defendant Ross in the State of California with prejudice to Plaintiff national Origin

Conspired to injure him for fully enforcing his rights. In an effort to defeat the Cause of Justice, to the equal protection of the law.

(157) Both defendant did so when they denied Plaintiy his right to fully participate in a federal programe.

(158) Both defendant intent to stop Plaintiy from enforcing his right in Civil litigation the Superior Court.

(159) Counts 3-5 : Plaintiy refers to and incorperates as though fully set out in paragraphs 12-24 inclusive, Paragraphs 37-71 inclusive. as though fully set out in Count 3-5 of Claim # 1: all inclusive in Counts 3-5 of Claim # 3

(160) Plaintiy alleges defendant Castellanos and defendant Ross. in the State of California. on 4/16/2020, 4/17/2020 and on 4/20/2020, With prejudice to plaintiy's national origin.

(161) Conspired to injured him for fully enforcing his rights in the California Superior Court, with the purpose of pressuring plaintiy to abandon this Civil litigation in the Superior Court.

(Paradg: 162-168)

1  (162) Both defendants cause Plauntiy great and
2  unneccenary Nutricinal hardship. When they,
3  prevent Plauntiy from accening food for five days
4

5  (163) Both defendants intent was to deprived plantiy
6  from fully enforcing his rights in the Superior Court
7  in California and to deprive plantiy from the equal
8  protection of the laws of California

9

10 (164) Counts 6-8: Plauntiy refers to and incorperates
11 as though fully set out in paragraph 12-24
12 inclusive, paragraph 37-71 inclusive as though
13 fully set out in count 6-8 in Claim #1 all inclusive
14 in counts 6-8 in Claim #3 42 USC S1985(2)

15
16 (165) Plauntiy alleges. On 4/16/2020, 4/17/2020, 4/20/2020
17 in the state of California, with prejudice to
18 plantiy natuinal origin, defendant Ross and
19 Castedlemos.

20
21 (166) Conspired agauns plauntiy to injure hum for
22 and to prevent hum from fully enforcing his rights
23 in the California Superior Court.

24 (167) they Pressured Plauntiy, to abandon Civil Case
25

26
27 (168) Both defendant Caused Plauntiy great and
28 unneccensary hardship When They prevented

27

(Parag. 169 - 173)

1  Plaintiff from accessing and eating food for five
2  days.

3

4  169) Count #9: Plaintiff refer to and incorporates
5  as though fully set out in paragraph 12-24
6  inclusive, paragraph 80-94 inclusive. as
7  though fully set out in Count #9 of Claim 1:
8  42 USC S200ad. all inclusive in Cout #9 of Claim #3

9

10  170) Plaintiff alleges, in the State of California
11  Defendants Ross and              , With Prejudice
12  To Plaintiff's National Origin, Conspired against him
13  to injure him, for the purpose of preventing him from
14  fully enforcing his rights. in the California Superior
15  Court.

16

17  171) To Cause plaintiff to abandon, Civel litigation
18  against the Los Angeles County DPSS and The
19  staff. in the California Superior Court

20

21  172) By Preventing Plaintiff from participating in
22  The federal Government Stimulas programe. 2020.
23  by not paying or Causing plaintiff to be paid the
24  some of $1200.00.

25

26  173) Monies that were budgeted and dispursed to be
27  paid to plaintiff. to prevent him from fully.
28  enforcing his rights in the Superior Court.

28

(turn 174 - 179)

174 Count #10-11: Plaintiff refers to and incorporate as though fully set out in paragraphs 12-24 inclusive, paragraphs 90-93 inclusive, as though fully set out in Count #10 of Claim #1: 42 USC 2000d; all inclusive in Counts 10-11 of Claim #3.

175 Plaintiff alleges, in the State of California defendant's Ross and _____, in her capacity of director of the County of Los Angeles a public entity.

176 With prejudice to plaintiff's national origin, conspired against Plaintiff to injure and did injured plaintiff.

177 to prevent Plaintiff from fully enforcing his rights in the California Superior court in Civil litigation against Los Angeles County DPSS.

178 (A) Count #10: to pressure plaintiff to abandon Civil litigation against the Los Angeles County DPSS and its Staff.

(B) Count #11: to prevent plaintiff plaintiff from Persuing and obtaining lawful redress for tort against him as outlined in the California Government Claim Act

179 therefore deny plaintiff the full protection under

(Parag.180-185)

and of the laws of the State of California.

(180) Counts 12-13: Plaintiff refers to and incorperates as though fully set out in paragraphs 12-24 inclusive; paragraphs 25-57 inclusive; as though fully set out in Counts 1-2 of Claim#2 Fraud. All inclusive in Counts 12-13 of Claim#3

(181) Plaintiff alleges, on 4/15/2020 and 4/16/2020 defendants Ross and Bailey, in the State of California, with prejudice to plaintiff national origin conspired against plaintiff.

(182) In their efforts to deny plaintiff his rights to participate in a federal program.

(183) In their effort to enduced Plaintiff into trust and reliance used undue influence, and Committed Fraud in doing so against Plaintiff.

(184) When Defendant Bailey said he was unable to help plaintiff obtain an electronic food stamp Card.

(185) In doing so, defendant Bailey assert as true that which he had no reason to believe was not true.

30

(Parag. 186 - 191)

(186) Counts 14-16: Plaintiff refers to and incorperates as though fully Set Out in paragraphs 12-24, inclusive, paragraph 37-71 inclusive; as though fully Set out in Counts #3-5 in Claim#2 fraud

(187) Plaintiff alleged, On 4/16/2020, 4/17/2020 and 4/20/2020 defendants Ross and Castellanos; in the State of California, With Prejudice to plaintiff's national origin Conspired against Plaintiff.

(188) In, their effort to deny Plaintiff his rights to participate in a federal programe.

(189) Induce plaintiff into trust and reliance, used undue influence and endoing so Committed fraud against Plaintiff.

(190) When defendant Castellanos Said as if it was true, he was unable to help plaintiff replaced his eletronic food Stamps Card he had no reason to believe his declaration to be true.

(191) Counts 17-19: Plaintiff refers to and incorporate as though fully Set Out in paragraphs 12-24 inclusive, paragraphs 37-21 inclusive and as though fully Set out in Counts 6-8 of Claim#

31

(Parag 192 - 198)

2: FRAUD. all inclusive in Counts 1-9 Claim 3.

(192) Plaintiff alleges. On 4/16/2020, 4/17/2020 and 4/20/2020, in the State of California with prejudice to plaintiffs national Origin, defendants Castellano and Ross Conspired against him.

(193) In their efforts to deny Plaintiff of the rights to fully participate in a federal programe

(194) Use undue influence, induced plaintiff into trust and relience. in doing so Committed fraud.

(195) When defendant Castellanos decleared as if it was true: he was the manager of the dept. and he do not have a Supervisor.

(196) Defendant Castellanos had no reason to believe. He had no Supervisor.

(197) The actions of both defendants Caused Plaintiff great Putrician and hardship.

(198) Count #20: Plaintiff refers to and incorporates as though fully set out in Paragraphs 12-24 inclusive paragraphs 80-94 inclusive; and as though fully set out

(Claim 199 - 203)

Count #9 in Claim # Fraud. all inclusive
in count 20 of Claim #3.

(199) Plantiff alleges defendants Ross and
in the State of California, with
prejudice to Plaintiffs national Origin; Conspired
against plaintiff

(200) in order to deny plaintiff his right to fully
or participate in the federal Government Stimula
programe.

(201) In the process Comitted a fraud when defendant
, in her Capacity of Director of The
County of Los Angeles a public entity, the Los
Angeles County DPSS.

(202) Assert as if it was true to her Juniors,
the Los Angeles County DPSS participant the
plaintiff Palmer was not entitled or qualified
to Participate in federal Government Stimulas
programe.

(203) Defendant                  , had no reason to
believe her assertion to be true. Actions
Which deprived Plaintiff of the federal Government
Covid 19 Stimulas.

(Parag. 204 - 208)

(204) Count 21-22 Plaintiff refers to and incorporates as
though fully Set out in paragraphs 12-24
inclusive, paragraphs 90-93 inclusive; as though
fully Set out in Count 10 of Claim #1 Fraud.
all inclusive in Counts 21 & 22 of Claim #3.

(205) Plaintiff alleges, that defendants Ross and
the County of Los Angeles a public entity through
its director, defendant .         , in the State of
California.

(206) Acted with prejudice to Plaintiff national
origin, Conspired against Plaintiff, to prevent
him from fully participating in a federal
program.

(207) to Prevent Plaintiff from fully enforcing his
rights, in the California Superior Court. in a
Civil Suit against the los Angeles Count DPSS
and three of its Staff.

(A) Count 21 : To Pressure plaintiff into abandon-
ing Civil litigation against the los
Angeles County DPSS and its Staff.

(B) Count 22 : To prevent plaintiff from persuing
and Obtaining lawful redress for tort
over Stimulus payment.

(208) therefore denied plaintiff of fully enforcing his

1   his right and enjoying full protection of the law.

2

3   ⑳ Plaintiff Begs this Court to review the follary

4   authorities when it Considers the Claim under

5   Sec. 42 USCS 1985(2).

6

7   <u>AUTHORITIES ON CONSPIRICY</u>

8   ⑳ <u>People V. Heredia</u> 257 CAL. APP 2d 862 "The

9   existance of Conspiricy Can be established by

10   Circumstantial evidence.

11

12   ⑳ <u>Max. Inc. V. Woods</u> 202 CAL APP 675. The

13   act of one during the Conspiracy is the act

14   of all if done in the furtherance of The

15   Conspiracy.

16

17   ⑳ <u>Cuppy V. Bianca</u> 186 CAL APP 3d 1172-1176.

18   generally those Jointly and Severally liable for

19   taution activities arising out of Conspiracy or

20   Concerted action. includes all those who in

21   persuance of a Common plan or design to

22   Commit a tortious act actively take part in

23   it, further it by Cooperation or request, lend

24   aid or encourage to the wrong doing or ratify

25   and adopt his or her acts done for their benifit

26

27   ⑳ <u>People V. Fitzwater</u> 260 CAL APP 2d 478

28   Each with spacific intent to Commit the

1  unlawful act. and an overt act to the agreement

2

3  (314)  <u>PRAYER FOR RELIEF</u>

4  Plaintiff Palmer Prayer. This Court after Careful
5  review. Will approve this Complaint as is
6  and put this Case on the Courts Calendar

7

8  (315) Approving Each Claim in their entierity
9  in the interest of justice.

10

11

12  Sign _AllanHFPalmer_____      3/25/2021

13          ALLAN H F PALMER            DATE